IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2987-JDT-cgc |
| | ) | |
| FATHERS HOUSE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $400 CIVIL FILING FEE

On December 19, 2016, Plaintiff James D. Smith, prisoner number 247890, who was, at the time, incarcerated at the Leon County Jail ("Jail") in Tallahassee, Florida, filed a *pro se* document which the Clerk construed and docketed as a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff failed to pay the civil filing fee or submit a motion to proceed *in forma pauperis* and a copy of his inmate trust account statement for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order on December 20, 2016, directing Plaintiff to either pay the entire $400 filing fee or submit the required financial information within 30 days. (ECF No. 3.) Plaintiff was warned that if he failed to comply with the order in a timely manner the Court would "deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures [of the PLRA], and dismiss the action without further notice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (*Id.* at 2.)

Plaintiff has not complied with the December 20, 2016 order, and the time for compliance has expired. Therefore, the complaint is hereby DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

The Court notes that in another civil case filed by the Plaintiff in this district, *Smith v. Burrow, et al.*, No. 17-2058-JDT-cgc (W.D. Tenn. filed Jan. 24, 2017), mail sent to him at the Leon County Jail was returned undeliverable, marked "released." (No. 17-2058, ECF No. 6 at 5.) Therefore, because Plaintiff apparently is no longer incarcerated, the Court cannot assess the filing fee from Plaintiff's inmate trust account.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE